**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**TREONDRA HESTER,**

       **Plaintiff,**

**vs.**                                                        **4:04CV473-MMP/AK**

**JEFFERSON COUNTY
POLICE DEPARTMENT, et al,**

       **Defendants .**

                            **/**


## REPORT AND RECOMMENDATION

      Plaintiff is a non-prisoner proceeding pro se and in forma pauperis alleging that

his constitutional rights were violated when he was issued two speeding tickets.  (Doc.

6).  Although Plaintiff was previously advised of the deficiencies in his original complaint,

he has not added sufficient detail in his amended complaint to avoid the

recommendation of dismissal herein made.  Plaintiff provides no details such as dates

or times of the incidents he complains of and more importantly, he does not describe

incidents which would give rise to a constitutional claim.  To state a claim under § 1983,

a plaintiff must allege facts showing that the defendant's act or omission, done under

color of state law, deprived him of a right, privilege, or immunity protected by the

Constitution or laws of the United States."  Emory v. Peeler, 756 F.2d 1547, 1554 (11th

Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied,

464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983).  In other words, Plaintiff must

allege that the defendants "deprived him of a right secured by the 'Constitution and

laws' of the United States" and that the Defendant did so "under color of any statute,

ordinance, regulation custom, or usage of any State. . . ."  Fadjo v. Coon, 633 F.2d

1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144,

150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For

Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457

U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v.

Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).

    In his amended complaint, Plaintiff again complains about two different traffic

citations he received for speeding, which he claims were the result of police

harassment.  As evidence of harassment, he claims In one encounter that he was the

third vehicle in a "convoy" when he was issued a speeding ticket by Defendant

Stinsone.  The second example is when Defendant Knecht "on a stake out in complete

darkness along the side of the road" stopped him for speeding, made him wait for the K-

9 unit, and after searching his vehicle, found nothing.  He alludes to racial profiling and

some type of bias because these officers live in the same town as he does, but provides

no details to support these claims.  He does not even identify his race or the race of the

defendants.

Plaintiff claims that the officers violated the Fourth Amendment by their illegal

search and seizure, but he does not identify what was illegal about either.  He does not

deny that he was speeding or complain about the search, except that he had to wait for

the K-9 unit to arrive.  He also claims violations of the Eighth Amendment, specifically

the prohibition against excessive fines and cruel and unusual punishment, but again

does not even specify what fine he ultimately paid on the speeding ticket or identify

what particular punishment was cruel and unusual.

A court may dismiss a case proceeding *in forma pauperis* if the complaint

fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se*

complaints are to be held to a less stringent standard than those drafted by an

attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v.

Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).

However, a plaintiff is still required to "set forth factual allegations, either direct or

inferential, respecting each material element necessary to sustain recovery under

some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla.

1995).  It cannot be assumed that a Plaintiff will prove facts which have not been

alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated

General Contractors of California, Inc. v. California State Council of Carpenters,

459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though

the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and

conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Additionally, the court's duty to construe a plaintiff's complaint liberally is not the

equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

Plaintiff has been given the opportunity to provide the Court with more details about his claims and has failed to come forward with any facts which would support a claim for relief in this court.  His complaints are solely related to his disagreement over the propriety of two speeding tickets, which do not give rise to any claims of constitutional magnitude.

It is therefore recommended that the amended complaint (doc. 6) be **DISMISSED** for failure to state a claim upon which relief can be granted.

**IN CHAMBERS** at Gainesville, Florida, this **30th** day of November, 2005.

> **s/ A. KORNBLUM**
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**